57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael D. BILLBERRY, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 47;
Southern California Edison Company, Defendants-Appellees.
 No. 94-55786.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Billberry appeals pro se the district court's summary judgment in favor of Southern California Edison Company ("SCE") and International Brotherhood of Electrical Workers, Local 47 ("Local 47"), in Billberry's action challenging SCE's termination of his employment. On November 20, 1990, Billberry's employment was terminated by SCE after SCE determined that on three separate occasions he engaged in dishonest conduct by giving SCE false information with respect to his attendance on jury duty. We review the district court's grant of summary judgment de novo. Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1406 (9th Cir.1992), cert. denied, 113 S.Ct. 2927 (1993). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Billberry contends that the district court erred by granting summary judgment on the basis that Billberry's state law causes of action were barred by preemption.[1] This contention lacks merit.
 
 
 4
 Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, preempts state contract and tort causes of action which arise from the termination of a union member's contract. When the resolution of a state law claim is "inextricably intertwined" with consideration of the terms of a collective bargaining agreement, the claim must be recharacterized as a section 301 claim. See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1062 (9th Cir.1989). Section 301 provides an employee with a federal cause of action against his employer, however, if the collective bargaining agreement contains a grievance procedure which is the exclusive and final remedy for breach of the agreement, the employee may not sue his employer under section 301 until he has exhausted that procedure. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965). The employee is also bound by the procedure's result unless the employee proves the union breached its duty of fair representation. See e.g., Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567-72 (1976).
 
 
 5
 Here, the resolution of Billberry's state law claims is dependent on an interpretation of the collective bargaining agreement between SCE and Local 47. Billberry's claims, therefore, are preempted by section 47. Billberry's claims, therefore, are preempted by section 301. See Shane, 868 F.2d at 1062. Further, pursuant to the collective bargaining agreement between SCE and Local 47, a final and binding decision was rendered against Billberry by a Board of Arbitration. Thus, Billberry's claim under section 301 may be pursued only if he demonstrates that Local 47 breached its duty of fair representation. See id. at 1060.
 
 
 6
 In order to show that Local 47 breached its duty of fair representation, Billberry must prove more than erroneous or negligent conduct on behalf of Local 47. See Galindo v. Stoody Co., 793 F.2d 1502, 1514 (9th Cir.1986); Peterson v. Kennedy, 771 F.2d 1244, 1254-55 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986). He must demonstrate that its conduct was "arbitrary, discriminatory, or in bad faith." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991). Billberry's claims rest upon his dissatisfaction with Local 47's handling of his grievance. At most, Billberry alleges that Local 47 was negligent in handling his representation. Billberry fails to show that Local 47 acted "arbitrary, discriminatory, or in bad faith." Id. Because Billberry has presented no evidence that Local 47 breached its duty of fair representation the district court did not err in granting summary judgment. See e.g., Hines, 424 U.S. at 567-72.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Billberry's action was originally filed in state court, but was removed to federal court by SCE and Local 47. Billberry's complaint set forth causes of action for (1) breach of contract; (2) indemnity; (3) negligence; (4) bad faith; (5) fraud; and (6) declaratory relief